McFarland, L,
delivered the opinion of the court.
Upon the trial of this cause the plaintiffs recovered a verdict for twenty-five dollars damages, and moved for a new trial, which was refused, and judgment rendered in their favor for this sum, from which they have .appealed in error.
The declaration, in substance, avers that the plaintiffs were the owners and possessed of a certain tract of land in Monroe county, upon which they were mining for lead and other' minerals, and while so possessed the defendant, by himself and others, with force and arms, entered upon said premises and wantonly and forcibly pulled down plaintiff’s furnace buildings and machinery erected thereon, and took and carried *297 said machinery away, and destroyed or converted the same to their own use. The damages were laid at $15,000.
To this the defendant pleaded not guilty.
There was evidence showing that the plaintiffs were in possession under a lease for mining purposes, and had put up machinery to be used in the business, consisting of engines and pumps, with the necessary walls of brick around and attached to them, and perhaps other machinery. The defendant caused this machinery, or part of it, to be pulled down and removed. The plaintiff proposed to prove the value of the machinery so removed. To this the defendant’s counsel objected, and the ' court sustained the objection, “for the reason,” in the language of the bill of exceptions, “that a recovery had been had in an action at Knoxville, between the same parties, for the machinery and anything not permanently attached to the freehold.”
.In his charge to the jury the Circuit Judge said: “That this was an action of trespass for injuries to the freehold; that the plaintiffs could not recover in this action for personal property not attached to the freehold, as a recovery had been had for that in another action at Knoxville; but they might recover for injuries to the freehold if the proof authorized it.”
There is no allusion in the proof, or elsewhere in the record, to any former. recovery for the same cause of action, nor is there anything to show that the fact was admitted; and the ground stated by the Circuit Judge for his action is not justified by the record.
*298 Nor do we regard this as technically an action of trespass quare clausum fregit to try the title to the land, nor does the plea raise this issue. It is perhaps more properly to be regarded as an action, under the provisions of the Code, “upon the facts of case,” rather than as being strictly either an action for trespass to land or for trespass to personal property. The averment as to the ownership and possession of the lands, is stated more by way of inducement, while the gist of the action is the destruction or conversion of the personal property, and we are of opinion the damages for the value of the personal property may be recovered, and, at the same time, the damages to the freehold resulting from the same trespass. We see no reason why a plaintiff should be driven to two actions — the one for the injury to the freehold, the other for the value of the personal property destroyed or taken at the same time — or, indeed, that he should be required to have two counts in his declaration. See on this subject, Sedgewick on the Measure of damages, 627 and notes, and 630.
If the plaintiff’s house and goods are burned by the defendant, there can be no sound reasoning why he should be required to resort to two actions, — the one to recover the value of the goods, the other to recover the injury to the freehold by the loss of the house. And under our Code, one count, stating accurately the entire facts of the case, would be sufficient.
Upon the record before us, there was no ground for the Circuit Judge’s holding, as to a former recov *299 ery. No such fact appears either -in the pleadings or proof.
Let the ■ judgment be reversed and a new trial awarded.